UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENDRA SCOTT,

                Plaintiff,                Case No. 15-cv-14281

v.                                          Honorable Thomas L. Ludington

VALLEY ELECTRICAL CONTRACTORS,
INC.,

                Defendant.

_____/

**ORDER DENYING MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS**

On December 8, 2015, Plaintiff Kendra Scott filed this action against Defendant Valley Electrical Contractors, Inc. ("Valley Electrical"). ECF No. 1. Scott alleges two counts of interference and retaliation in violation of the Family and Medical Leave Act, 29 U.S.C. § 2612 *et seq.*, and one count of pregnancy discrimination in violation of the Michigan Elliot-Larsen Civil Rights Act, MCL § 37.2102 *et seq. Id.* On March 2, 2016, the Court issued a scheduling order which set the initial disclosure deadline for March 16, 2016, Plaintiff's expert disclosure deadline for July 5, 2016, and Defendant's expert disclosure deadline for August 2, 2016. ECF No. 10. The scheduling order also set the discovery cutoff for September 2, 2016. *Id.*

On September 15, 2016, Valley Electrical filed a motion to strike Scott's expert witness, Dr. Stafford, and bar the admission of any evidence produced by Dr. Stafford. ECF No. 14. Dr. Stafford is an expert economist was retained by Scott to calculate Scott's economic damages. For the following reasons, Valley Electrical's motion will be denied.

**I.**

Valley Electrical argues in its motion that Dr. Stafford should be stricken as an expert witness and that Scott should be barred from introducing any reports or statements made by Dr. Stafford because Scott did not produce the expert report before the expert disclosure deadline. Scott's expert disclosure deadline passed on July 5, 2016, and Scott admits that it has not yet produced the report. Scott explains this oversight by blaming a new calendaring system which Scott's counsel has recently implemented. Because of a clerical error made while the new system was implemented, the deadline for the expert disclosure was not input into the calendar. Scott argues that, because of this error, her failure to timely produce the expert report is substantially justified. She also argues that the failure to produce the report was harmless.

Under Federal Rule of Civil Procedure 26(a)(2), the parties must disclose any witnesses retained to provide expert testimony. Fed. R. Civ. P. 26(a)(2)(A). These disclosures must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). "[I]f the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," such a disclosure "must be accompanied by a written report – prepared and signed by the witness" containing:

 (i) a complete statement of all opinions the witness will express and the basis and reasons for them;

 (ii) the facts or data considered by the witness in forming them;

 (iii) any exhibits that will be used to summarize or support them;

 (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

 (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). In interpreting Federal Rule of Civil Procedure 26(a), the Sixth Circuit has explained that "a report must be complete such that opposing counsel is not forced to depose an expert in order to avoid an ambush at trial; and moreover the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources." *R. C. Olmstead, Inc. v. C.U. Interface, LLC*, 606 F.3d 262, 271 (6th Cir. 2010) (internal quotation and citation omitted).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The party who is potentially subject to sanctions bears the burden of proving harmlessness or justification. *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003). An omission is harmless if it "involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Vance, by & Through Hammons v. United States*, 182 F.3d 920 (6th Cir. 1999).

Courts have held that sanctions for failure to disclose expert reports are typically justified in situations where opposing counsel did not know who was going to testify or what the expert was going to testify about. *See Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 783 (6th Cir. 2003) (collecting cases); *Brooks v. Skinner*, No. 1:14-CV-412, 2015 WL 6964679, at *3 (S.D. Ohio Nov. 10, 2015). If the moving party knew that disclosures had not been made but waited for a significant period of time before requesting sanctions, courts have held that the nondisclosure was harmless. *See Roberts*, 325 F.3d at 783; *Brooks*, 2015 WL 6964679, at *

Scott's nondisclosure of the expert report was harmless. To begin with, Scott's answers to Valley Electrical's interrogatories specified that Dr. Stafford would be retained to calculate Scott's damages. *See* Pl. Answ. at 9, ECF No. 17, Ex. 1. Scott also explained that Dr. Stafford's review would "rely upon Plaintiff's W-2 forms, tax returns, and any other documentation obtained through discovery." *Id.* Scott likewise identified Dr. Stafford in her answers to Valley Electrical's first request for documents. Pl. Resp. at 11, ECF No. 17, Ex. 2. More importantly, Scott attached Dr. Stafford's curriculum vitae and case list. *Id.* at 23. For these reasons, Valley Electrical had notice that Scott was going to call Dr. Stafford as an expert, some indication of his credentials and experience, and basic information regarding the substance of his testimony. Like in *Roberts* and *Brooks*, the advance notice that Valley Electrical has received significantly mitigates any prejudice which might have resulted from the nondisclosure.

And although discovery has now closed, the trial is not scheduled to begin until February 7, 2017. ECF No. 10. Further, Scott has indicated willingness to allow Valley Electrical to review Dr. Stafford's report, depose Dr. Stafford, and proffer opposing expert witnesses. *See* Pl. Br. at 5, ECF No. 17. The Court takes Scott at her word. Accordingly, the denial of this motion is predicated on Scott's cooperation with Valley Electrical. The significant amount of time remaining until trial distinguishes this case from those like *Vance, by & Through Hammons v. United States*, 182 F.3d 920 (6th Cir. 1999), where the lack of opportunity for the opposing party to depose the expert necessitated striking the expert. *See also Rowe v. Case Equip. Corp.*, 105 F.3d 659 (6th Cir. 1997).

Additionally, Dr. Stafford's testimony will relate only to Scott's economic damages. Because Dr. Stafford's testimony relates to only a single issue, Valley Electrical will not be unduly prejudiced by the untimely disclosure.

- 4 -

Further, Valley Electrical's delay in filing this motion weighs against imposing sanctions. Even though the deadline for Scott to provide the expert report passed on July 5, 2016, Valley Electrical did not file this motion until September 15, 2016. ECF No. 14. Scott was responsible for the timely disclosure of the expert report. But Valley Electrical's delay in bringing this motion suggests that Valley Electrical was not greatly prejudiced. *See Roberts*, 325 F.3d at 783 ("We also note Roberts's counsel knew that they had not received these disclosures and waited for five months to voice an objection.").

Finally, Scott's nondisclosure did not stem from willfulness or bad faith on the part of Scott's counsel. Although the error which resulted in the deadline not being input into the new calendaring system was likely negligent, it was not malicious. Scott's nondisclosure was not intentional, and the Court is disinclined to punish Scott for her counsel's negligence.

In short, the nondisclosure was largely harmless. Further, any potential prejudice to Valley Electrical can be cured by reopening limited discovery so that Valley Electrical can review the expert report, depose Dr. Stafford, and retain and proffer any rebuttal expert witnesses. Valley Electrical's motion to strike will be denied.

**II.**

Accordingly, it is **ORDERED** that Defendant's motion to strike, ECF No. 14, is **DENIED.**

It is further **ORDERED** that Plaintiff Kendra Scott provide Dr. Stafford's expert report to Defendant **on or before October 21, 2016**.

It is further **ORDERED** that Plaintiff Kendra Scott make Dr. Stafford available to be deposed by Defendant, if such a deposition is necessary, no later than **November 23, 2016.**

It is further **ORDERED** that Defendant disclose any rebuttal expert witnesses no later than **November 23, 2016.** Corresponding expert reports must be provided **no later than December 21, 2016.**

Dated: October 17, 2016                                s/Thomas L. Ludington
                                                       THOMAS L. LUDINGTON
                                                       United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 17, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager

---